IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MODERN WOODMEN OF AMERICA, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. 1:17-CV-994-LY |
| MITZIE CASON, DEVIN CASON, AND | § | |
| URSULA HERNANDEZ-CASON, | § | |
| DEFENDANTS. | § | |

## **ORDER**

Before the court is Modern Woodmen of America's ("MWA") Agreed Motion to Approve Interpleader, filed on January 16, 2018 (Dkt. No. 10). This is an interpleader action commenced by Modern Woodmen of America on October 18, 2017 (Dkt. No. 1). Mitzie Cason and Devon Cason each waived service of process (Dkt. Nos. 4 & 5). Service of summons was effected on Ursula Hernandez-Cason on November 17, 2017 (Dkt. No. 6). Hernandez-Cason has not filed a responsive pleading or otherwise made an appearance. MWA moved for an entry of default against Hernandez-Cason, and the clerk of the court entered default against Hernandez-Cason on December 11, 2017 (Dkt. No. 8).

Defendants, Mitzie Cason and Devon Cason, answered on December 11, 2017, in which, *inter alia*, they denied all "allegations" brought against them by Plaintiff (there were none) and asked that the suit be dismissed with prejudice. The answer said nothing of Mitzie's and Devin's entitlement to the funds held by MWA and was otherwise unresponsive to the complaint in interpleader. Sometime later, Mitzie and Devon reached an agreement with MWA, and the three jointly filed an Agreed Motion to Approve Interpleader on January 16, 2018 (Dkt. No. 10). Having considered the motion, the court finds as follows:

At the time suit was filed, there were potential rival claims by Devin Cason, Mitzie Cason, and Ursula Hernandez-Cason to $27,427.68 in death benefits from a fixed-premium whole-life insurance certificate (policy) issued by MWA on the life of Mark Cason, deceased. The rival claims are adverse and conflicting. MWA is therefore in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs. MWA does not have, nor claim, any interest in the funds at issue and at all times has been willing to deliver the funds to the person or persons entitled to possession. MWA unconditionally offered to and is ready to deposit with the court the funds at issue. MWA's interpleader action is properly brought. MWA should be discharged from future liability after payment of the proceeds of the funds at issue into the court's registry.

**IT IS THEREFORE ORDERED** that Modern Woodmen of America shall pay $27,427.68 to the clerk of the court, which represents funds at issue under the policy.

**IT IS FURTHER ORDERED** that the Clerk, United States District Court, shall receive and deposit into Court's registry a check in the amount of $27,427.68. The Clerk, United States District Court, as soon as the business of the office allows, shall deposit these monies into the Court Registry Investment System (CRIS) where they shall remain until further order of the Court.

**IT IS FURTHER ORDERED** that upon payment of $27,427.68 to the clerk of the court, Modern Woodmen of America shall be **DISMISSED** as a party to this action and **DISCHARGED** from any further liability pertaining in any way to the policy (including accidental death and dismemberment benefits).

**IT IS FURTHER ORDERED** that Modern Woodmen of America may submit proof of reasonable attorney's fees and costs **on or before February 27, 2018**, if it wishes to seek fees and costs.

**IT IS FURTHER ORDERED** that this case is set for a **BENCH TRIAL** on the **6th day of March, 2018 at 1:30 p.m**. in Courtroom No. 7, Seventh Floor of the United States Courthouse, 501 West 5th Street, Austin, Texas.

SIGNED this 12th day of February, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

3